OPITZ v. HAMMEN et al.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

ACTION TO CONSTRUE WILL—DEMURRER—ALLOWANCE TO WIDOW.
 The effect of sustaining a general demurrer to an action brought for the construction of a will, in which the court is asked to decide whether the provisions of the will in favor of the widow are in lieu of dower or in addition thereto, is to leave that question open; and on dismissal it is proper to refuse an extra allowance to the widow, as there is no interest at issue on which the extra allowance can be computed.

Appeal from special term, Kings county.

Action by Emil Opitz, executor of Frederick Hammen, deceased, against Emma Hammen and others, to construe a will. From an order denying an application for an extra allowance on the ground of want of power, defendant Emma Hammen appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James P. Judge, for appellant.

Charles W. Laskey, for respondent.

PER CURIAM. This action is brought for the construction of the will of Frederick Hammen. His widow, Emma, demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. This demurrer has been sustained at the special term, which refused to make an extra allowance to the defendant, on the ground that there was no interest at issue on which an extra allowance could be computed. We think this decision correct. The question which the court was asked to decide was whether the provisions of the will in favor of the widow were in lieu of dower, or in addition thereto. By the dismissal of the complaint on the demurrer, that question still remains open, though the defendant's counsel insists that the demurrer was sustained by the special term on the ground that the widow took both dower and under the provisions of the will. No such decision could have been made on the demurrer. The effect of the decision for the defendant on the demurrer is only that the plaintiff had not a right to ask the court's construction of the will, not that the defendant's construction is correct, and there can be no money value to such a right. If the defendant had answered, and claimed the construction of the will which her counsel contends the special term adopted, then there would have been judgment in her favor, construing the will in accordance with her demand. In such case, undoubtedly, the court would have been em-

powered to grant her an allowance. The defendant has mistaken her practice.

The order appealed from must be affirmed, without costs.